HARRY DRUCKER, Appellant, v. UNIVERSAL TRIMMING COMPANY, Appellant. In the Matter of ABZUG & MEYER, Attorneys, Respondents.— Appeals unanimously dismissed, with $20 costs and disbursements to the respondents, without prejudice to the rights of the parties after the entry of an order determining the motion. The order appealed from sent only one of the factual questions in the case to an Official Referee to hear and report. It held all other matters in abeyance. The appellant asks us to consider that the Special Term has indicated an intention to decide the motion ultimately in a way that would constitute error. We cannot assume, however, that the final decision will be such as might be inferred from the memorandum opinion of Special Term. We deem that the appeal is premature, as there has been no final determination on the merits of the issues presented. Present — Peck, P. J., Cohn, Callahan, Breitel and Botein, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN G. BROADY, Appellant.— Judgment affirmed. No opinion. Present — Cohn, J. P., Callahan, Breitel and Botein, JJ.; Cohn, J., dissents in part and votes to modify in the following memorandum: Upon conflicting evidence the trial court adjudged the defendant guilty of assault in the third degree. According to the prosecution, defendant, through a partially open door, struck the complaining witness a blow on the left side of his body. The assault was not a serious one and was committed during an altercation between the complaining witness and the defendant. By a vote of two of the Justices of the Court of Special Sessions defendant was sentenced to a fine of $200 or in default thereof to serve thirty days in jail. The third Justice voted to suspend sentence. Though there is sufficient evidence in the case to sustain the judgment of conviction of assault I think that the punishment imposed by the majority was too severe. Accordingly, I concur in the conviction but I vote to modify the judgment by reducing the punishment to a fine of $10.

BLANCHE SIEGEL, Respondent, v. ABRAHAM C. SIEGEL, Appellant.— Judgment modified so as to eliminate cruelty as a ground for the relief granted, and by reducing the alimony to $75 a week. The amount allowed on this record is excessive. Present — Peck, P. J., Cohn, Callahan, Breitel and Botein, JJ.; Breitel, J., dissents in the following memorandum: I vote to modify to eliminate cruelty as a ground for the relief, and otherwise vote to affirm. With respect to the fixing of permanent alimony, the trial court was most meticulous in analyzing the elements he considered. He used not only the proof that showed that defendant had nonvisible assets, but he also used the proof of the standard of living of the parties, which, in turn, was probative of available income, both visible and invisible. Since the trial court has so patently done a thorough and able job in fixing the amount of alimony and counsel fees, there should be no change in this court. Settle order on notice.